IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DIAMONDS DIRECT USA, INC. and
DIAMONDS DIRECT USA OF RICHMOND,
LLC,

      Plaintiffs and Counterclaim
      Defendants,

v.                                           Case No. 3:12CV303

BFJ HOLDINGS, INC., D/B/A CAPRI
JEWELERS,

      Defendant and Counterclaim Plaintiff.

### MOTION TO DISMISS, ANSWER AND COUNTERCLAIM

BFJ HOLDINGS, INC. ("Capri Jewelers") states as follows for its motion to dismiss, answer and counterclaim:

### MOTION TO DISMISS

BFJ HOLDINGS, INC. ("Capri Jewelers"), pursuant to Fed. R. Civ. P. 12(b)(6) moves to dismiss the following portions of the complaint on the following grounds:

    1.    All of the claims made on behalf of Diamonds Direct USA of Richmond, LLC should be dismissed because:

        a.    All of its claims are premised upon the alleged common law ownership of a particular mark: "Diamonds Direct."  Commingling two separate entities - Plaintiff Diamonds Direct USA, Inc. and Plaintiff Diamonds Direct USA of Richmond, LLC - the complaint alleges that "Diamonds Direct has established a service mark over the name 'Diamonds Direct' through its continuous use of this mark in the Commonwealth of Virginia and the Southeastern United States."

    Complaint, ECF #1, ¶ 30. This allegation was incorporated by reference into each count of the complaint. <u>Id.</u> ¶¶ 34, 42, 50 & 58.

  b. For Plaintiff Diamonds Direct USA of Richmond, LLC, this is impossible, as the complaint itself states. The complaint clearly states that Plaintiff Diamonds Direct USA of Richmond, LLC did not even exist until January 17, 2012, fewer than four months ago. <u>Id.</u> ¶ 11. Furthermore, the complaint makes it clear that neither plaintiff has yet entered this market, <u>Id.</u> ¶¶ 13 & 21 and that neither plaintiff has begun to compete with Capri Jewelers, by using that mark. <u>Id.</u> ¶ 14. Because it did not exist until January of this year and because it is not even in business, Diamonds Direct USA of Richmond, LLC could not have continuously used a mark so as to gain common law rights in a mark. Without rights to the mark at issue, Diamonds Direct USA of Richmond, LLC cannot possibly have a claim for infringement of that mark (Count I), unfair competition based upon Capri Jeweler's use of such a mark (Count II), false advertising for Capri Jeweler's use of the mark (Count III) or violation of the Virginia Consumer Protection Act arising out of use of the mark (Count IV). Nor can Diamonds Direct USA of Richmond, LLC get an injunction against use of a mark it does not and cannot own (Count V).

  c. All claims by Diamonds Direct USA of Richmond, LLC should be dismissed.

2. Because the complaint clearly establishes that neither plaintiff has yet entered Capri Jewelers' market, <u>Id.</u> ¶¶ 13 & 21, and that they have merely "intentions of entering" it, <u>Id.</u> ¶44, neither plaintiff can have a cause of action for unfair competition. Because neither plaintiff

has yet entered the market in question, there can be no competition. Count II should be dismissed.

    3.    Count IV of the complaint should be dismissed because neither plaintiff is a "consumer" under Virginia law in the context of this case. Therefore, neither has standing to sue for violations under the Virginia Consumer Protection Act.

## ANSWER

BFJ HOLDINGS, INC. ("Capri Jewelers") states as follows for its answer to the allegations of Diamonds Direct USA, Inc. The allegations of Diamonds Direct USA of Richmond, LLC are the subject of a Rule 12(b)(6) motion and Capri Jewelers does not answer them.

    1.    After reasonable inquiry, it is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraphs 1, 2, 5, 7, 8, 9, 10 & 12.

    2.    It admits the allegations of Paragraphs 3, 4 & 14.

    3.    It denies the allegations of Paragraphs 6, 11, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 & 27.

## COUNT I

    4.    As to the allegations incorporated in Paragraph 28, it incorporates its prior responses.

    5.    It denies the allegations in Paragraphs 29-33.

## COUNT II

    6.    Capri Jewelers has filed a 12(b)(6) motion with respect to the allegations of Count II and, therefore, does not answer them.

## COUNT III

7. As to the allegations incorporated in Paragraph 42, it incorporates its prior responses.

8. It denies the allegations in Paragraphs 43-49.

## COUNT IV

9. Capri Jewelers has filed a 12(b)(6) motion with respect to the allegations of Count IV and, therefore, does not answer them.

## COUNT V

10. As to the allegations incorporated in Paragraph 58, it incorporates its prior responses.

11. It denies the allegations in Paragraphs 59-62.

## COUNTERCLAIM

BFJ HOLDINGS, INC. ("Capri Jewelers") states as follows for its counterclaim against Diamonds Direct USA, Inc. and Diamonds Direct USA of Richmond, LLC.

1. BFJ Holdings, Inc. ("Capri Jewelers") is a Virginia corporation organized under the laws of the Commonwealth of Virginia and has its principal place of business in Virginia.

2. Capri Jewelers has been in the diamond business in and around Richmond, Virginia for 30 years. Capri Jewelers sells both mounted and loose diamonds. Capri Jewelers has cultivated and maintained relationships with diamond suppliers, diamond cutters and other diamond vendors that have allowed it to sell diamonds directly to the customer, without layers of middlemen.

3. Capri Jewelers' approach to diamond sales and related jewelry has allowed it to offer its customers a wide variety of options at exceptional prices. This is a distinguishing characteristic of Capri Jewelers' business.

4. In connection with its offering of goods and services, Capri Jewelers has used a Direct Diamond advertising and promotional theme. Since at least as early as May 2006, Capri Jewelers has annually brought a talented diamond cutter to its location each spring, usually in May, and promoted the sale of loose diamonds. The event has been known as Capri Jeweler's "Direct Diamond" event.

5. As part of its business strategy, and a means of differentiating itself from its competition in its market, Capri Jewelers has used various marks in its geographical business region. These include:

    a. Diamonds Direct$^{SM}$

    b. Buy Direct. Save Direct$^{SM}$

    c. Diamonds Direct Collection$^{SM}$

    d. Annual Direct Diamond Event$^{SM}$

    e. Diamonds Direct Event$^{SM}$

    f. Virginia's Largest Direct Diamond Sale$^{SM}$

    g. Virginia's Largest Direct Diamond Event$^{SM}$

6. Capri Jewelers has used these marks in various forms of advertising including radio, direct mail advertising through the US Postal Service, newspaper, and on its website. It has sold and continues to sell merchandise to customers living in the Commonwealth of Virginia. It has sold and continues to sell merchandise at its Richmond locations to out-of-state residents

who visit a Capri Jewelers store. Capri Jewelers has common law trademark rights in the marks listed in paragraph 5.

7. Capri Jewelers learned that Diamonds Direct, USA, Inc. was thinking seriously of entering Capri Jewelers' market in a way that would infringe Capri Jewelers' marks. To further protect its intellectual property rights, and after determining that Diamonds Direct USA, Inc. does not have a federally registered or Virginia trademark for the term "Diamonds Direct," Capri Jewelers registered several marks with the Commonwealth of Virginia. Capri Jewelers is the owner of the Virginia Service Mark Registration File Number 101157 for the mark "Diamonds Direct" for use in connection with retail sales. Capri Jewelers is also the owner of the Virginia Service Mark Registration File Number 1011160 for the mark "Diamonds Direct and Design" for use in connection with retail sales.

8. At the same time, Capri Jewelers acquired Virginia Service Mark Registration File Number 101158 for the mark "Capri Jewelers" for use in connection with retail sales.

9. Diamonds Direct USA, Inc. is, upon information and belief, a corporation organized under the laws of North Carolina with its principal place of business in North Carolina.

10. Diamonds Direct USA of Richmond, LLC is a Virginia Limited Liability Company whose member is, upon information and belief, a citizen of North Carolina. Its principal place of business is in North Carolina.

11. The counterclaim defendants have vowed to use Capri Jewelers' service mark in Capri Jewelers' market.

12. The amount of business that the counterclaim defendants intend to develop through the use of these marks exceeds $20,000,000 per year.

13. The amount in controversy exceeds $75,000, exclusive of interest and costs.

14. This court has jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §1331 and 28 U.S.C. §1332.

15. Venue is proper here because the action arises out of actions being taken and to be taken in Henrico County, among other places, and because the corporation's registered agent is in Henrico County, which is within this division.

## COUNT I—STATE SERVICE MARK INFRINGEMENT

16. Capri Jewelers incorporates the allegations of the previous paragraphs of this counterclaim.

17. Diamonds Direct USA, Inc. and Diamonds Direct USA of Richmond, LLC have avowed their intentions to enter Capri Jewelers' market and to do business in Virginia by selling diamonds under the name "Diamonds Direct." Complaint, ECF #1, ¶¶ 10, 11, 12 & 14.

18. The plaintiffs/counterclaim defendants admit that their use of the name "Diamonds Direct" would infringe upon Capri Jewelers' Virginia registered service mark. Id.

19. The mark that the plaintiffs/counterclaim defendants intend to use is identical to that registered by Capri Jewelers with the Commonwealth of Virginia. They intend to use the mark for the same services: selling, selecting and recommending diamonds. The market is admittedly to be the same. Id. ¶ 14. The marketing media are intended to be the same. Id. The proposed use of the mark is intentional.

20. The Court should, pursuant to Va. Code § 59.1-92.1, issue an injunction barring the plaintiffs/counterclaim defendants from selling diamonds in Virginia under the name "Diamonds Direct." The Court should also, pursuant to Va. Code § 59.1-92.1, award to Capri Jewelers its attorneys' fees.

## COUNT II – VIOLATION OF 15 U.S.C. § 1125

21. Capri Jewelers incorporates the allegations of the previous paragraphs of this counterclaim.

22. Capri Jewelers uses its marks on radio, on the Internet, and through direct mail advertising sent through the US Postal Service.

23. The counterclaim defendants intend to infringe on those marks in commerce and in connection with the sale, offering for sale and advertising of diamonds.

24. The counterclaim defendants intend to do so in a way that is likely to confuse consumers. Capri Jewelers rightly "believes [it] is likely to be damaged by such [acts]." 15. U.S.C. §1125(a)(1).

25. The Court should issue an injunction barring the counterclaim defendants from using Capri Jewelers' marks and any confusingly similar marks in its geographical market and award such other relief as may be appropriate.

## REQUESTS FOR RELIEF

26. Capri Jewelers respectfully requests that the Court:

a. issue an injunction barring the counterclaim defendants from using the marks "Diamonds Direct" and "Diamonds Direct and Design" and any confusingly similar marks in connection with the sale, offering for sale or advertising of diamonds anywhere in the Commonwealth of Virginia because Capri Jewelers is the registered owner of those marks in the Commonwealth of Virginia;

b. issue an injunction barring the counterclaim defendants from using any of Capri Jewelers' marks and any confusingly similar marks in connection with the sale, offering the sale or advertising of diamonds anywhere in Capri Jewelers' market;

  c.  award to Capri Jewelers its attorneys' fees pursuant to 15 U.S.C. §1117 (a)(3) and Va. Code §59.1-92.13;

  d.  award to Capri Jewelers its costs pursuant to 15 U.S.C. §1117(a)(3); and

  e.  grant such other relief as the Court deems appropriate.

Capri Jewelers demands trial by jury on all appropriate issues.

                BFJ HOLDINGS, INC., D/B/A CAPRI JEWELERS

                By Counsel

_____/s/_____
Christopher C. Spencer (VSB No. 21878)
Direct: 804.285.5220
cspencer@ohaganspencer.com
Sandra M. Holleran (VSB No. 28808)
Direct: 804.285.5222
sholleran@ohaganspencer.com
Attorneys for BFJ Holdings, Inc.
O'HAGAN SPENCER LLP
6806 Paragon Place, Suite 200
Richmond, VA 23230
Fax: 804.285.5210

Ian D. Titley (VSB No. 27531)
Attorney for BFJ Holdings, Inc.
SCHRODER FIDLOW, PLC
1901 E. Franklin St. #107
Richmond, VA 23223
Direct: 804.364.0405
idt@schroderfidlow.com

CERTIFICATE OF SERVICE

  I hereby certify that on the 2nd day of May 2012 the foregoing was electronically filed and served using the CM/ECF system which will then send a notification of such filing (NEF) to the parties:

John R. Owen, Esq. (VSB No. 39560)
Julie S. Palmer, Esq. (VSB No. 65800)
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
Attorneys for Plaintiffs
P.O. Box 70280
Richmond, Virginia 23255
Telephone: (804) 747-5200
Facsimile:  (804) 747-6085
jowen@hccw.com
jpalmer@hccw.com

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing users:

Raboteau T. Wilder, Esq. (not admitted in Virginia)
Jackson R. Price, Esq. (not admitted in Virginia)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
3500 One Wachovia Center
301 South College Street
Charlotte, NC 28202
Telephone: (704) 331-4900
Facsimile: (704) 338-7855
rwilder@wcsr.com
JaPrice@wcsr.com

          /s/
Christopher C. Spencer (VSB No. 21878)
Direct: 804.285.5220
cspencer@ohaganspencer.com
Sandra M. Holleran (VSB No. 28808)
Direct: 804.285.5222
sholleran@ohaganspencer.com
Attorneys for BFJ Holdings, Inc.
O'HAGAN SPENCER LLP
6806 Paragon Place, Suite 200
Richmond, VA 23230
Fax: 804.285.5210