IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DIAMONDS DIRECT USA, INC. and
DIAMONDS DIRECT USA OF RICHMOND,
LLC,

    Plaintiffs and Counterclaim
    Defendants,

v.                                 Case No. 3:12CV303

BFJ HOLDINGS, INC., D/B/A CAPRI
JEWELERS,

    Defendant and Counterclaim Plaintiff.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

BFJ HOLDINGS, INC. ("Capri Jewelers"), pursuant to Fed. R. Civ. P. 12(b)(6), submits this memorandum in support of its motion to dismiss all claims of Diamonds Direct USA of Richmond, LLC ("Diamonds Direct Richmond") and Counts II and III of the complaint by both Diamonds Direct USA, Inc. ("Diamonds Direct USA") and Diamonds Direct Richmond for failure to state claims for which relief can be granted.

Facts

The facts are stated in the Motion to Dismiss, Answer and Counterclaim.

Argument

I.    All Claims Of Diamonds Direct Richmond Should Be Dismissed.

Plaintiffs allege that "Diamonds Direct has established a service mark over the name 'Diamonds Direct' through its continuous use of this mark in the Commonwealth of Virginia and the Southeastern United States." *Compl*., ECF #1, ¶ 30. This allegation was incorporated by reference into each count of the complaint. *Id*. ¶¶ 34, 42, 50 & 58. All of the plaintiffs' claims

are premised upon the alleged common law ownership of a particular mark, "Diamonds Direct." Common law rights to a service mark are created by using and continuing to use a mark in the marketplace. *Southern Christian Leadership v. Shannon*, 270 Va. 104, 108, 613 S.E.2d 596, 598 (Va. 2005).

The plaintiffs state in the complaint that Diamonds Direct Richmond did not even exist until January 17, 2012, fewer than four months ago. *Id.*, ECF #1, ¶ 11. Because it did not exist until January of this year, Diamonds Direct Richmond could not have continuously used a mark so as to gain common law rights in a mark. Without rights to the mark at issue, Diamonds Direct Richmond cannot possibly have a claim for infringement of that mark (Count I), unfair competition based upon Capri Jewelers' use of such a mark (Count II), false advertising for Capri Jewelers' use of the mark (Count III) or violation of the Virginia Consumer Protection Act arising out of use of the mark (Count IV). Nor can Diamonds Direct Richmond get an injunction against use of a mark it does not and cannot own (Count V). All claims by Diamonds Direct Richmond should be dismissed.

II.  Count II (Unfair Competition) Should Be Dismissed.

The plaintiffs state on the face of the complaint that neither plaintiff has yet entered Capri Jewelers' market. Rather, the plaintiffs have only "intentions of entering" that market. *Id.* ¶¶ 21, 44. Because the plaintiffs have not yet entered the market in question, they cannot have a cause of action for unfair competition. Count II should be dismissed.

Activities that constitute use of a service mark for trademark purposes in the Commonwealth of Virginia are defined in Virginia Code § 59.1-92.2 as "when [the mark] is used or displayed in the course of selling or providing *services in the Commonwealth*, or advertising descriptive of services available within the Commonwealth that is communicated within or into

the Commonwealth." (emphasis added). Common law rights to a service mark are created by using and continuing to use a mark in the marketplace. *Shannon*, 270 Va. at 108, 613 S.E.2d at 598.

To prevail in a trademark action the trademark holder must prove among other things, that it possesses a mark. *Lamparello v. Falwell* 420 F.3d 309, 313 (4th Cir. 2005). In *Lone Star Steakhouse & Saloon v. Alpha of Virginia,* 43 F.3d 922, 930 (4th Cir. 1995), the court stated "[i]n order to prevail under Sections 32(1) and 43(a) of the Lanham Act for trademark infringement and unfair competition, respectively, a complainant must demonstrate that it has a valid, protectible trademark. . ." The Court added: "[t]he test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition under Virginia law because both address the likelihood of confusion as to the source of the goods or services involved." *Id.* at note 10.

Because neither plaintiff has yet entered the market in question, and thus is not making services available within the Commonwealth, and because neither plaintiff has alleged that it has a federal trademark registration, the plaintiffs cannot have common law rights in Virginia in any trademark or service mark. Plaintiffs state their intention to enter the Richmond market and thereby contradict allegations of service mark use in Virginia. Given that plaintiffs own statements establish their lack of trademark rights in Virginia, Count II should be dismissed.

III.   <u>Count IV (Virginia Consumer Protection Act) Should Be Dismissed.</u>

Count IV of the complaint should be dismissed because the plaintiffs do not have standing to sue for violations under the Virginia Consumer Protection Act ("VCPA"). In Virginia, a party may bring suit for a violation of the VCPA so long as it is engaged in a "consumer transaction" with the alleged infringing party. Va. Code Ann. § 59.1-200; *see also*

*Microsoft Corp. v. #9 Software*, No. 4:05cv106, 2005 U.S. Dist. LEXIS 36710, at *7 (E.D. Va. Dec. 15, 2005). A "consumer transaction" is one that deals with the advertisement or sale of goods or services "to be used primarily for personal, family or household purposes." Va. Code. Ann. § 59.1-198. Nowhere in the complaint do the plaintiffs allege facts that could possibly show that they entered into a "consumer transaction" with Capri Jewelers that involved an advertisement or sale of goods or services. The plaintiffs have made no allegation that they purchased anything from Capri Jewelers and, therefore, they have no standing to sue for a violation of the VCPA.

In *Microsoft*, the plaintiff, a Washington corporation, brought suit against the defendant, a Virginia corporation, alleging that the defendant distributed Certificates of Authenticity without the Windows 2000 Pro and Windows XP software packages that plaintiff intended the Certificates of Authority to accompany. *Id*. at *2-3. Plaintiff alleged that they warned the defendants numerous times that it was illegal to traffic illicit Certificates of Authority. *Id*. at *3-4. Despite these warnings, the defendant continued to issue the Certificates of Authority and the plaintiff filed suit alleging seven separate causes of action, including breach of the VCPA. *Id.* at *4. The defendant filed a motion to dismiss and alleged that the plaintiff had no standing to sue for violations of the VCPA because it was not a person engaged in a consumer transaction. *Id.* at *6.

The Court dismissed the plaintiff's claim for breach of the VCPA stating that "[a]lthough a corporation may bring suit under the VCPA, it is clear that the corporation must be engaged in a consumer transaction … The unambiguous statutory language advances the understanding that the legislature intended to place a limitation on the right to bring suit to those who have purchased goods for personal, family, or household use." *Id.* at *11.

Here, there is no allegation that the parties engaged in a consumer transaction. The plaintiffs simply state that "Capri Jewelers used the mark 'Diamonds Direct' in the advertisement of its goods and services related to the sale of diamonds, and thus used the mark in 'consumer transactions,' as defined by Virginia Code § 59.1-198." *Compl.* ¶ 52. This allegation does not a show that the plaintiffs were consumers wronged by any alleged misrepresentations made by the supplier, Capri Jewelers. As a result, the plaintiffs lack standing to bring a claim under the VCPA.

In *H.D. Oliver Funeral Apartments, Inc. v. Dignity Funeral Servs., Inc.*, 964 F. Supp. 1033 (E.D. Va. 1997), this court held that competitors cannot bring VCPA actions. In *H.D. Oliver*, a funeral business sued another funeral business alleging causes of action, including a request for relief based on a violation of the VCPA. *Id.* at 1033. In 1997, the plaintiff learned that the defendant submitted advertisements that compared their prices to various vendors in the area, including the rates of the plaintiff's business. *Id.* at 1033-34. The plaintiff believed the prices in the advertisement were false and filed suit alleging that the defendant violated the VCPA. *Id.* at 1035. The question before the Court was whether competitors, not consumers, had standing to bring a VCPA action. *Id.* at 1038. The Court, after analyzing the intent of the VCPA, concluded that a "competitor does not fit in that equation." *Id.* at 1039. In this case, plaintiffs acknowledge that they are competitors with Capri Jewelers. *Compl.* ¶ 14. There is no allegation that their basis for recovery stems from a consumer transaction with Capri Jewelers. Count IV of the complaint should be dismissed.

## Conclusion

Capri Jewelers respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss with prejudice all claims by Diamonds Direct Richmond, and all claims by plaintiffs in Counts II and Count IV.

BFJ HOLDINGS, INC

By Counsel

_____/s/_____
Christopher C. Spencer (VSB No. 21878)
Direct: 804.285.5220
cspencer@ohaganspencer.com
Sandra M. Holleran (VSB No. 28808)
Direct: 804.285.5222
sholleran@ohaganspencer.com
Attorneys for BFJ Holdings, Inc.
O'HAGAN SPENCER LLP
6806 Paragon Place, Suite 200
Richmond, VA 23230
Fax: 804.285.5210

Ian D. Titley (VSB No. 27531)
Attorney for BFJ Holdings, Inc.
SCHRODER FIDLOW, PLC
1901 E. Franklin St. #107
Richmond, VA 23223
Direct: 804.364.0405
idt@schroderfidlow.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May 2012 the foregoing was electronically filed and served using the CM/ECF system which will then send a notification of such filing (NEF) to the parties:

John R. Owen, Esq. (VSB No. 39560)
Julie S. Palmer, Esq. (VSB No. 65800)

      HARMAN, CLAYTOR, CORRIGAN & WELLMAN
      Attorneys for Plaintiffs
      P.O. Box 70280
      Richmond, Virginia 23255
      Telephone: (804) 747-5200
      Facsimile: (804) 747-6085
      jowen@hccw.com
      jpalmer@hcww.com

  And I hereby certify that I will mail the document by U.S. Mail to the following non-filing users:

      Raboteau T. Wilder, Esq. (not admitted in Virginia)
      Jackson R. Price, Esq. (not admitted in Virginia)
      WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
      3500 One Wachovia Center
      301 South College Street
      Charlotte, NC 28202
      Telephone: (704) 331-4900
      Facsimile: (804) 338-7855
      rwilder@wcsr.com
      JaPrice@wcsr.com

            /s/
            Christopher C. Spencer (VSB No. 21878)
            Direct: 804.285.5220
            cspencer@ohaganspencer.com
            Sandra M. Holleran (VSB No. 28808)
            Direct: 804.285.5222
            sholleran@ohaganspencer.com
            Attorneys for BFJ Holdings, Inc.
            O'HAGAN SPENCER LLP
            6806 Paragon Place, Suite 200
            Richmond, VA 23230
            Fax: 804.285.5210