IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| DIAMONDS DIRECT USA, INC., )<br>DIAMONDS DIRECT USA OF )<br>RICHMOND, LLC, )<br>)<br>    Plaintiffs/Counterclaim defendants, )<br>)<br>v. )<br>)<br>BFJ HOLDINGS, INC., )<br>d/b/a CAPRI JEWELERS, )<br>)<br>    Defendant/Counterclaim Plaintiff. ) | Civil Action No. 3:12CV303–HEH |

## MEMORANDUM OPINION
### (Defendant's Motion to Dismiss Under Rule 12(b)(6))

This is an action seeking compensatory damages and injunctive relief for service mark[1] infringement and related state and federal claims. The case is presently before the Court on BFJ Holdings, Inc., d/b/a Capri Jewelers' ("Capri Jewelers") Motion to Dismiss all counts of the Complaint under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state an actionable claim. The underlying issues have been thoroughly briefed by both sides. The Court will dispense with oral argument because the facts and legal contentions are well framed in the materials before the Court and argument would not aid in the decisional process.

Plaintiff Diamonds Direct USA, Inc. is a North Carolina corporation which purports to have over 700 customers in the Commonwealth of Virginia and alleges that it

---

[1] The term "service mark" means any word, name, symbol, or device or any combination thereof used by a person to identify and distinguish the services of such person from the services of others. Va. Code Ann. § 59.1-92.2.

has been providing goods and services to those customers continuously for over 16 years. During that period, Diamonds Direct USA, Inc. maintains that it has established a service mark over the name "Diamonds Direct" as a result of its continuous use of this mark in the Commonwealth of Virginia and the southeastern United States. Diamonds Direct USA of Richmond, LLC, is alleged to be an entity fully owned by Diamonds Direct USA, Inc. with its principal place of business in Richmond, Virginia. Diamonds Direct USA of Richmond, LLC is presently in the formative stage of development and was not actually doing business in Virginia at the time the Complaint was filed. Unless otherwise indicated, the plaintiffs will be collectively referred to as "Diamonds Direct" or "Plaintiffs."

Diamonds Direct maintains in its Complaint that Capri Jewelers, a likely direct competitor, learned in January 2012 that Diamonds Direct was opening a Richmond location. They further allege that Capri Jewelers, as a preemptive measure, registered the service mark "Diamonds Direct" with the Virginia State Corporation Commission. Moreover, they contend that Capri Jewelers has also begun using the phrase "Diamonds Direct" in its advertising and promotional schemes. Plaintiffs allege that such use is calculated to engender confusion in the Richmond market.

Plaintiffs contend that Capri Jewelers' use of the "Diamonds Direct" mark constitutes statutory infringement, unfair competition, false advertising, and a violation of the Virginia Consumer Protection Act. They seek injunctive and compensatory relief.

Capri Jewelers challenges the sufficiency of the Complaint on several fronts. With respect to the service mark infringement claim (Count I), unfair competition (Count

II), and false advertising (Count III), Capri Jewelers asserts that neither of the Diamonds Direct entities advertise or provide services in the Commonwealth of Virginia to an extent necessary to demonstrate a common law right to the "Diamonds Direct" service mark. Because the Complaint fails to allege either a federal trademark registration or a course of dealings giving rise to common law rights to the service mark in Virginia, Capri Jewelers maintains that the infringement, unfair competition and false advertising claims must be dismissed.

With respect to Count IV, which alleges a violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 59.1-200, Capri Jewelers rejoins that Plaintiffs lack standing to prosecute a claim under this Act. Distilled to its essence, Defendant contends that the VCPA is limited in application to consumer transactions. Capri Jewelers points out that a consumer transaction is defined by statute as one that deals with the advertisement or sale of goods or services "to be used primarily for personal, family or household purposes." Va. Code Ann. § 59.1-198. In their view, it does not regulate disputes between competing commercial entities.

Motions to dismiss under Rule 12(b)(6) are reviewed under the now familiar standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a Rule 12(b) challenge, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its

3

face." *Twombly*, 550 U.S. at 570; *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Id.* at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. The court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Id.*

In Capri Jewelers' view, the fatal flaw in Plaintiffs' infringement claim is the absence of a factually supported allegation of a valid and enforceable service mark. Defendant is correct that the existence of a valid mark is an indispensable element in an infringement claim. *Lamparello v. Falwell*, 420 F.3d 309, 313 (4th Cir. 2005). "The test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition under Virginia law because both address the likelihood of confusion as to the source of the goods or services involved." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 n.10 (4th Cir.

1995). Under the law of Virginia, it is "clear that use, not registration, gives priority to trademark and service mark rights; registration merely serves as evidence of ownership, but this evidence may be rebutted." *Southern Christian Leadership Conference, Va. State Unit, Inc. v. Shannon*, 270 Va. 104, 110 (2005). In the text of the Complaint, Diamonds Direct claims a common law service mark which has evolved through its continuous use in the Commonwealth of Virginia and southeastern United States over a period of sixteen years. They further claim to have 700 customers in Virginia.[2] Taken in its best light, this is sufficient to plead a plausible claim that Diamonds Direct has a valid mark. Obviously, final resolution of this issue will reside with the trier of fact.

According to the Complaint, Diamond Direct USA of Richmond is an entity fully owned by Diamonds Direct USA. Diamonds Direct USA argues that its subsidiary has a derivative implied license to use its service mark in the Commonwealth of Virginia. The existence of an implied trademark license is a factual issue which turns on the objective conduct of the parties. *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 824 (3d Cir. 2006). A significant factor to be considered in this factual analysis is the existence of a special interlocking relationship between entities. *Id.* In the immediate case, Diamonds Direct USA of Richmond is owned by Diamonds Direct USA. Accordingly, Plaintiffs have pleaded a plausible claim of implied license. Again, the viability of this claim is a factual issue.

---

[2] Once a trade name is established, it is generally entitled to protection not only in areas where goods are currently sold, but also in areas in which its trade may reasonably be expected to expand. *Maid to Perfection Corp. v. Hyman*, 85 F.3d 616, 1996 WL 226211 *2 (4th Cir. May 6, 1996); *see also Food Fair Stores, Inc. v. Lakeland Grocery Corp.*, 301 F.2d 156, 161 (4th Cir. 1962).

5

The Defendant's Motion to Dismiss Counts I, II[3] and III will be denied. Although Capri Jewelers devotes minimal attention to the false advertising claim in Count III, it appears to be premised on the confusion to customers resulting from use of the poached mark. Its destiny at this juncture is therefore closely allied with the infringement count.

Finally as to Count IV, the defendant argues that because Diamonds Direct USA is a competitor—as opposed to a consumer—it lacks standing to seek relief under the VCPA. *See* Va. Code Ann. § 59.1-196. Although the Supreme Court of Virginia has never squarely addressed this issue, the limiting language of the statute and interpretative federal cases appear to support this position.

The analysis logically begins with the legislative intent underlying the statute, namely "to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code Ann. § 59.1-197. The statutory provision that follows appears to constrain its application to "consumer transactions," further defined in pertinent part as "goods or services to be used primarily for personal, family or household purposes." Va. Code Ann. § 59.1-198. The import of the term "consumer" is critical to the analysis.

Reading these introductory sections of the VCPA in tandem brings the intent of the statutory scheme into clearer focus. The Act is designed to provide members of the consuming public, not commercial competitors, with a statutory remedy. *See H. D. Oliver Funeral Apts., Inc. v. Dignity Funeral Servs., Inc.*, 964 F. Supp. 1033, 1038–40

---

[3] As mentioned above, the elements of an unfair competition claim track those necessary for proof of trademark infringement. *Lone Star Steakhouse & Saloon, Inc.*, 43 F.3d at 930 n.10; *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271 (2d Cir. 1974).

(E.D. Va. 1997) (citing *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 597 (4th Cir. 1985)).

The court in *H. D. Oliver* concluded that a competitor lacks standing to bring a claim under the VCPA. Another judge of this Court held similarly in *Microsoft v. #9 Software, Inc.*, 2005 U.S. Dist. LEXIS 36710 (E.D. Va. Dec. 15, 2005). No reported decision appears to have a reached a different conclusion. Plaintiffs' reliance on *Synergistic Int'l, LLC v. Korman*, 402 F. Supp. 2d 651 (E.D. Va. 2005) is misplaced. In *Synergistic*, the issue of standing was neither raised by the parties nor addressed by the court. This Court adopts the reasoning in *H. D. Oliver* and finds that both Diamonds Direct USA and Diamonds Direct USA of Richmond lack standing to prosecute a claim under VCPA.

In the final analysis, the Defendant's Motion to Dismiss will be granted as to Count IV and denied as to Counts I, II, and III.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 28, 2012
Richmond, VA

7